## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| STEPHEN KIRKLAND and<br>KRISTIN KIRLAND<br><br>    *Plaintiffs*<br><br>**vs.**<br><br>TRI-C-WOOD PRODUCTS, INC.,<br><br>    *Defendant/Third-Party Plaintiff,*<br><br>**vs.**<br><br>V&B INTERNATIONAL, INC.,<br><br>    *Third-Party Defendant.* | § § § § § § § § § § § § § § § § § | Civil Action No. 7:16-cv-62 |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS:**

**COMES NOW**, Third-Party Defendant V&B International, Inc. ("V&B"), and hereby petitions this Court pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446 for removal on the basis diversity of citizenship to the United States District Court for the Northern District of Texas, Wichita Falls Division, of the action styled and numbered: *Stephen Kirkland and Kristin Kirkland v. Tri-C Wood Products, Inc. v. V&B International, Inc.*; Cause No. 2015-CV-0281-M-CV; in the 97th Judicial District Court, Montague County, Texas (the "State Court Case"), and in support thereof would respectfully show this Court as follows:

## I.  BACKGROUND AND NATURE OF THE CASE

This is property damage case brought by Stephen and Kristin Kirkland ("Kirklands") seeking damages against Tri-C Wood Products, Inc. ("Tri-C"), related to alleged damage to the

wood flooring and finishes in their home. The Kirklands allege in their Petition that the wood purchased from Tri-C was infested with powder post beetles.  Tri-C filed a third party petition against V&B International, Inc. ("V&B"), alleging breach of warranty claims, claiming that the wood blanks sold by V&B were infested by powder post beetles.  The Kirklands' Original Petition states that they are citizens of Montague County Texas and that Tri-C is a corporation doing business in Mississippi. *See* Exhibit A, Tab 2*.*  V&B is a corporation doing business in Mississippi. *See* Exhibit A, Tab 20*.*

## II.  <u>REMOVAL IS TIMELY</u>

V&B first received Defendant/Third Party Plaintiff's Original Petition on May 5, 2016. This Notice of Removal is filed within thirty (30) days of the date V&B first received the initial pleading and citation, and thus, is timely filed under 28 U.S.C. § 1446(b)(1).

## III.  <u>DIVERSITY JURISDICTION EXISTS</u>

This United States District Court has jurisdiction over this dispute pursuant to 28 U.S.C. §1332(a)(1) and (c) because it is between citizens of different states, and the claims asserted by Plaintiffs involve an amount in controversy in excess of $75,000.00, exclusive of interest and costs. *See* Exhibit B*, Plaintiffs First Supplemental Response to Request for Disclosure,* Section D.  As such, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) and (c).  Therefore, removal is proper.  *See* 28 U.S.C. §1441(a).

**A.**      <u>**Complete diversity of citizenship**</u>

Diversity of citizenship among Plaintiffs, Tri-C and V&B is apparent from the face of Plaintiff's Original Petition and Tri-C's Third Party Petition.  *See* Exhibit A, Tabs 1 and 20.

Plaintiffs Stephen and Kristin Kirkland are residents and citizens of Sunset, Montague County, Texas.

Defendant/Third Party Tri-C is a Mississippi corporation and citizen of Mississippi.

Defendant V&B is a Mississippi Corporation and citizen of Mississippi.

**B.** **Amount in controversy**

**1.** **Determining the amount in controversy**

Under established federal law, a case may be removed unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Marcel v. Pool Co.*, 5 F.3d 81 (5th Cir. 1993) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 282 (1938)); *Williams v. State Farm Mutual Automobile Ins. Co.*, 931 F. Supp. 469 (S.D. Tex. 1995); *Johnson v. Dillard Dept. Stores, Inc.*, 836 F. Supp. 390 (N.D. Tex. 1993). In assessing whether removal is proper, the Court must first determine whether it is facially apparent that the amount in controversy exceeds $75,000.00. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995); *HWJ, Inc. v. Burlington Ins. Co.*, 926 F. Supp. 593 (E.D. Tex. 1996). The sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. 28 U.S.C. §1446(c)(2); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).

**2.** **Plaintiff Claims the Amount in Controversy Exceeds $75,000.00**

Plaintiff's Original Petition demands, on its face, monetary relief of not more than $100,000. *See* Exhibit A, Tab 1, *Plaintiff's Original Petition,* Paragraph 6. In Plaintiffs' Supplemental Response to Requests for Disclosures, they claim damages of $227,261.87. *See* Exhibit B. Based upon the filings in the district court, it is clear that the amount in controversy is pled in excess of $75,000.

### IV. PROCEDURAL REQUIREMENTS

Removal of this action is proper under 28 U.S.C. § 1441(a), given that it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject

matter under 28 U.S.C. § 1332(a) because Plaintiffs, Tri-C and V&B are diverse in citizenship. By virtue of filing this Notice of Removal, V&B does not waive its rights to assert any motions to transfer venue or dismiss, including Rule 12 motions, permitted by the applicable Rules of Civil Procedure.

All of the papers on file in the State Court case at the time of removal are attached hereto as Exhibit A.  Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.  Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the Clerk for the District Court, 97th Judicial District, Montague County, Texas, promptly after the filing of this Notice.

## V.  CONCLUSION

All conditions and procedures for removal have been satisfied.  In conjunction with this Notice of Removal, Defendant is providing the Clerk with:  (1) a completed Civil Cover Sheet; (2) an Index of all documents filed in the state court, along with certified copies of those documents and a copy of the state court's docket sheet; and (3) a Certificate of Interested Persons, which includes a list of all counsel of record.

**WHEREFORE, PREMISES CONSIDERED**, Third-Party Defendant, V&B International, Inc., pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, files its *Notice of Removal* in accordance with the Court's guidelines, thereby removing this action for trial from the 97th Judicial District Court, Montague County, Texas, to this Court.  Plaintiffs are hereby notified to proceed no further in the State Court Case unless by Order of the United States District Court for the Northern District of Texas, Wichita Falls Division.

Respectfully submitted,

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

By */s/ Gregg J. Lytle*
   G**REGG J. LYTLE**
   State Bar No. 24086288

1700 Pacific Avenue, Suite 4545
Dallas, Texas 75201
(214) 754-8755 (Telephone)
(214) 754-8744 (Facsimile)
gregg.lytle@qpwblaw.com

**ATTORNEYS FOR THIRD-PARTY DEFENDANT
V&B INTERNATIONAL, INC.**

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that on the 3rd day of June, 2015, a true and correct copy of the above and foregoing document has been served via certified mail return receipt requested upon the following counsel of record:

A. Scott Campbell
The Law Office of A. Scott Campbell
1508 W. Louisiana Street
McKinney, Texas 75069
scampbell@scampbellaw.com


William H. Chamblee
Douglas R. Lewis
Weston L. Hall
Chamblee, Ryan, Kershaw & Anderson, P.C.
2777 N. Stemmons Freeway, Suite 1157
Dallas, Texas 75207
whchamblee@chambleeryan.com
dlewis@chambleeryan.com
whall@chambleeryan.com


*/s/ Gregg J. Lytle*
**GREGG J. LYTLE**

**NOTICE OF REMOVAL**                                                                                    **Page 6**