

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | | |
|---|---|---|
| STEPHEN KIRKLAND and<br>KRISTIN KIRKLAND,<br><br>  Plaintiffs,<br><br>v.<br><br>TRI-C WOOD PRODUCTS, INC.,<br><br>  Defendant,<br><br>v.<br><br>V&B INTERNATIONAL, INC.,<br><br>  Third-Party Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 7:16-cv-00062-O |

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REMAND

Before the Court are Plaintiff's Motion to Remand (ECF No. 6) and Brief in Support (ECF No. 7), both filed on June 30, 2016, and Third-Party Defendant's Response to Plaintiff's Motion to Remand (ECF No. 13), filed on July 13, 2016. The case was referred to the undersigned for pretrial management and for recommendation concerning case dispositive motions according to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1) (ECF No. 10). A motion to remand is a dispositive motion to which the undersigned may only make a recommendation that is subject to the district judge's de novo review. *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758 (5th Cir. 2016). Because a third-party defendant does not qualify as a "defendant" that can properly remove an action to federal court under 28 U.S.C. § 1441(a) based upon diversity of citizenship, the undersigned RECOMMENDS that Plaintiff's Motion to Remand (ECF No. 6) be GRANTED and that this case be REMANDED to the 97th Judicial District Court of Montague County, Texas.

I.  **BACKGROUND**

Stephen Kirkland and Kristin Kirkland ("Mr. and Mrs. Kirkland") filed an Original Petition against Tri-C Wood Products Inc. ("Tri-C") in the 97th Judicial District Court of Montague County, Texas on August 4, 2015. (ECF No. 1-1, at 9). In their Petition, Mr. and Mrs. Kirkland alleged that Tri-C supplied hardwood to them that was infested with powder post beetles and that they incurred substantial expense in attempting to remediate the beetle infestation in their home. Mr. and Mrs. Kirkland asserted causes of action for strict liability in tort, negligence, and breach of implied warranties under the Texas Deceptive Trade Practices-Consumer Protection Act. *Id.* Tri-C answered the Petition on August 25, 2015 (ECF No. 1-1, at 20) and filed its First Amended Answer on February 24, 2016. (ECF No. 1-2, at 13).

Thereafter, Tri-C filed a Motion for Leave to File Third-Party Petition (ECF No. 1-4, at 13) and proposed Third-Party Petition (ECF No. 1-4, at 17). The state court entered its Order Granting Motion for Leave to File Third-Party Petition on April 22, 2016 (ECF No. 1-4, at 25). In its Third-Party Petition, Tri-C alleged that V&B International, Inc. ("V&B") was liable to it under theories of strict products liability, breach of the implied warranties of fitness for a particular purpose and of merchantability, and for contribution for any damages caused to Mr. and Mrs. Kirkland on account of infested wood that V&B supplied to Tri-C and that Tri-C sold to Mr. and Mrs. Kirkland. V&B timely filed a Notice of Removal in this Court on June 3, 2016 (ECF No. 1). Mr. and Mrs. Kirkland moved to remand the case to state court, and V&B responded to their motion.

II.  **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction that can consider cases only as provided for in the Constitution and statutes of the United States. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307 (5th Cir. 2014).

2

The party asserting that the federal court has jurisdiction bears the burden of establishing that jurisdiction. *Kokkonen*, 511 U.S. at 377. The right to remove a case to federal court "is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.' ... These statutory procedures for removal are to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (quoting *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 280 (1918)).

### III. ANALYSIS

Title 28 U.S.C. § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Whether a "defendant" under § 1441(a) includes a third-party defendant such as V&B is a question that this Court has answered. In *BJB Co. v. Comp Air Leroi*, 148 F. Supp. 2d 751 (N.D. Tex. 2001), Judge Cummings considered a similar matter in which a third-party defendant attempted to remove a case from state court on the basis of diversity of citizenship under 28 U.S.C. § 1332. In construing § 1441(a) strictly, as the Supreme Court directed in *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941), the court in *BJB* determined that third-party defendants do not qualify as a "defendant" under the statute. In reaching this conclusion, the court relied on a long line of decisions from other district courts that had considered the question. *See BJB*, 148 F. Supp. 2d 752-53 (collecting cases).

Later decisions from other Texas district courts that have examined § 1441(a) in similar removal cases have referred to *BJB* without criticism or question. *See, e.g., Schols v. Kimball*, 2012 WL 3921334 (E.D. Tex. Apr. 27, 2012) (no jurisdiction under § 1441(a) for third-party defendant removal); *IQ Holdings, Inc. v. Villa d'Este Condominium Owners Ass'n, Inc.*, 2011 WL

2600561 (S.D. Tex. June 29, 2011) (third-party defendant not "the defendant or the defendants" under 9 U.S.C. § 205 language identical to § 1441(a)); *Kinder Morgan Louisiana Pipeline LLC v. Welspun Gujarat Stahl Rohren Ltd.*, 752 F. Supp. 2d 772 (S.D. Tex. 2010) (same); *H & H Terminals, LC v. R. Ramos Family Trust, LLP*, 634 F. Supp. 2d 770 (W.D. Tex. 2009) (third-party defendant not a "defendant" under 28 U.S.C. § 1448); *Salge v. Buchanan*, 2007 WL 1521738 (S.D. Tex. May 24, 2007) (alleged joint tortfeasor third-party defendant not entitled to remove under § 1441(a)).

V&B suggests that the court in *BJB* overlooked Fifth Circuit Court of Appeals precedent to the contrary in holding that a third-party defendant could not remove a case based on diversity grounds. However, the court in *BJB* discussed each of the Fifth Circuit cases cited by V&B. The court analyzed and contrasted *Central of Georgia Ry. Co. v. Riegel Textile Corp.*, 426 F.2d 935 (5th Cir. 1970), a removal case in which the third-party petition was severed from the underlying case, thus creating a separate case in which the former third-party defendant became a defendant in its own right. The court distinguished *Carl Heck Engr's, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980), a case in which the Fifth Circuit allowed removal by a third-party defendant under a former version of 28 U.S.C. § 1441(c) that permitted removal of separate and independent claims when diversity of citizenship was the basis of jurisdiction. Finally, the court mentioned *Texas v. Walker*, 142 F.3d 813 (5th Cir. 1998), in which the Fifth Circuit permitted removal by a counterdefendant and cited its prior decision in *Carl Heck* in support of its conclusion.

Just as Judge Cummings distinguished *Riegel*, *Carl Heck*, and *Walker* from the facts in *BJB*, the Court concludes that those authorities do not support V&B's assertion of jurisdiction. The facts here are not consistent with a severed action and a third-party defendant that thereby became a defendant such as were present in *Riegel*. Nor is this a case to which the previous

wording of § 1441(c) applies such as occurred in *Carl Heck*. To the contrary, V&B confirmed in its Response to Plaintiff's Motion to Remand (ECF No. 13) at page 5 that it does not seek to maintain this case in federal court under § 1441(c). Finally, this case does not concern removal by a counterdefendant as happened in *Walker*. As a result, the limited bases for removal by third-party defendants previously recognized by the Fifth Circuit in those cases do not apply here.

Instead, this is a case in which the plaintiffs filed their lawsuit in state district court in Montague County as they were entitled to do and sued a single diverse defendant that chose not to remove the case to federal court. Thereafter, the defendant impleaded an alleged joint tortfeasor as a third-party defendant, which party in turn purported to remove the case to federal court. In doing so, the third-party defendant lacked a proper jurisdictional basis and, consequently, cannot now maintain this case here.

## IV. RECOMMENDATION

Because V&B International, Inc. removed this case improvidently, the undersigned RECOMMENDS that Plaintiff's Motion to Remand (ECF No. 6) be GRANTED.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge

that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

It is so ORDERED this 25th day of July, 2016.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE